**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION**

ERIC LEE BOWERS,

      Plaintiff,

v.                                       Case No.: 1:19-cv-01931

EDISON AWARDS,

      Defendants.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
(INJUNCTIVE RELIEF DEMANDED)

      Plaintiff ERIC LEE BOWERS by and through his undersigned counsel, brings this Complaint against Defendant EDISON AWARDS for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

      1.      Plaintiff ERIC LEE BOWERS ("BOWERS"), brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Bowers' original copyrighted works of authorship.

      2.      Bowers is a Kansas City based architectural, real estate, and commercial photographer.  In addition to photographing architecture and properties for real estate photos, Bowers specializes in construction and capital improvements documentation, political campaign photography, and other events.  He is well-regarded for his aerial photography of architecture, real estate and construction.

3.      Bowers has amassed a large portfolio of Kansas City's downtown revitalization, the construction of the Kauffman Center for Performing Arts, as well as the final years of open-outcry wheat futures trading at the Kansas City Board of Trade.  Bowers sells prints and licenses his photographs on his website at www.ericbowersphoto.com.

4.      Defendant EDISON AWARDS ("Edison") are a set of 16 awards that honor excellence in technological innovation, new product and service development, marketing, and human-centered design. The Edison awards are sometimes referred to as "The Oscars of Innovation" and are given annually by Edison Universe, a non-profit 501(c)(3) organization dedicated to fostering innovators. Award winners represent game-changing products, services and excellence and leadership in innovation around four criteria: Concept, Value, Delivery and Impact.

5.      Bowers alleges that Edison copied Bowers' copyrighted Work from the internet in order to advertise, market and promote its business activities.  Edison committed the violations alleged in connection with Edison's business for purposes of advertising and promoting sales to the public in the course and scope of the Edison's business.

### JURISDICTION AND VENUE

6.      This is an action arising under the Copyright Act, 17 U.S.C. § 501.

7.      This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

8.      Defendant is subject to personal jurisdiction in Illinois.

9.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in

infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

## DEFENDANT

10.    Edison Awards is a Illinois corporation, with its principal place of business at 8117 West 124th Street, Palos Park, IL 60464, and can be served by serving its Registered Agent, AXIA Law, LLC, 1 North La Salle Street, Suite 1450, Chicago, IL 60602.

## THE COPYRIGHTED WORK AT ISSUE

11.    In 2016, Bowers created a photograph which is shown below and referred to herein as the "Work".



12.    At the time Bowers created the Work, Bowers applied copyright management information to the Work consisting of "ericbowersphoto.com" in the bottom right hand corner.

13.     Bowers registered the Work with the Register of Copyrights on June 16, 2016 and was assigned the registration number VA 2-007-123.  The Certificate of Registration is attached hereto as Exhibit 1.

14.     At all relevant times Bowers was the owner of the copyrighted Work at issue in this case.

### INFRINGEMENT BY DEFENDANT

15.     Edison has never been licensed to use the Work at issue in this action for any purpose.

16.     On a date after the Work at issue in this action was created, but prior to the filing of this action, Edison copied the Work.

17.     Edison copied Bowers' copyrighted Work without Bowers' permission.

18.     After Edison copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its awards ceremony business.

19.     Edison copied and distributed Bowers' copyrighted Work in connection with Edison's business for purposes of advertising and promoting Edison's business, and in the course and scope of advertising and selling products and services.

20.     Bowers' Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

21.     Edison committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

22.     Bowers never gave Edison permission or authority to copy, distribute or display the Work at issue in this case.

4

23.     Bowers notified the Edison of the allegations set forth herein on May 10, 2018. To date, the parties have failed to resolve this matter.

24.     When Edison copied and displayed the Work at issue in this case, Edison removed Bowers' copyright management information from the Work.

25.     Bowers never gave Edison permission or authority to remove copyright management information from the Work at issue in this case.

## COUNT I
## COPYRIGHT INFRINGEMENT

26.     Plaintiff repleads and incorporates the allegations of paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27.     Bowers owns a valid copyright in the Work at issue in this case.

28.     Bowers registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

29.     Edison copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Bowers' authorization in violation of 17 U.S.C. § 501.

30.     Edison performed the acts alleged in the course and scope of its business activities.

31.     Defendant's acts were willful.

32.     Bowers has been damaged.

33.     The harm caused to Bowers has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

34.     Plaintiff repleads and incorporates the allegations of paragraphs 1 through 25 of this Complaint as if fully set forth herein.

35.     The Work at issue in this case contains copyright management information ("CMI").

36.     Edison knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Work at issue in this action in violation of 17 U.S.C. § 1202(b).

37.      Edison committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Bowers' rights in the Work at issue in this action protected under the Copyright Act.

38.     Edison caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Bowers' rights in the Work at issue in this action protected under the Copyright Act.

39.     Bowers has been damaged.

40.     The harm caused to Bowers has been irreparable.

WHEREFORE, the Plaintiff prays for judgment against the Defendant Edison Awards that:

a.     Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b.     Defendant be required to pay Plaintiff his actual damages and Defendant's profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203.

c.     Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon; and

d.    Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: March 20, 2019                    Respectfully submitted,


                                         */s/ Keith A. Vogt*
                                         Keith A. Vogt, Esq. (Bar No. 6207971)
                                         Keith Vogt, Ltd.
                                         1033 South Blvd., Suite 200
                                         Oak Park, Illinois 60302
                                         Telephone: 708-203-4787
                                         E-mail:  keith@vogtip.com

                                         Yanling Jiang (Bar No. 6309336)
                                         Yi Bu (Bar No. 6328713)
                                         JiangIP LLC
                                         233 South Wacker Dr., 84th Floor
                                         Chicago, IL 60606
                                         Telephone: 312-283-8091
                                         Email: yanling@jiangip.com
                                         Email: ybu@jiangip.com

                                         *Attorneys for Plaintiff Eric Lee Bowers*